Christopher A. Rojao
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Tel: (973) 622-4444
Fax: (973) 624-7070
crojao@mccarter.com

Thomasina Poirot – (*pro hac vice* to be filed)
**POTOMAC LAW GROUP, PLLC**
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, D.C. 20006
tpoirot@potomaclaw.com

*Attorneys for Defendants*
*Laboratory Corporation of America Holdings,*
*Esoterix Genetic Laboratories, LLC, and Judith Knops Ph.D.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| L.K., a Minor, by her parents and guardians *ad litem*, ELEANOR KEYAK and JOSHUA KEYAK, and ELEANOR KEYAK and JOSHUA KEYAK (h/w) individually and in their own right<br><br>Plaintiffs<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS, ESOTERIX GENETIC LABORATORIES, LLC, JUDITH KNOPS, Ph.D.; JOHN DOES 1–15; JANE ROES 1–15; and JOHN DOE EMPLOYERS 1–15<br><br>Defendants | Civil Action No. _____<br><br><br>**NOTICE OF REMOVAL**<br>**AND COPIES OF ALL PROCESS AND**<br>**PLEADINGS IN STATE COURT** |

TO:   The United States District Court for the District of New Jersey, Camden Division

**PLEASE TAKE NOTICE** that Defendants Laboratory Corporation of America Holdings ("LCAH"), Esoterix Genetic Laboratories, LLC ("Esoterix"), and Judith Knops, Ph.D. ("Knops") (collectively "Labcorp") are hereby removing the above-styled action from the Superior Court of New Jersey, Law Division, Camden County, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, *et. seq.* (the "Notice"). In support of the Notice, Labcorp states, by and through its attorneys McCarter & English, LLP and Potomac Law Group PLLC, as follows:

1. The within action, entitled *L.K., a Minor, by her parents and guardians ad litem, Eleanor Keyak and Joshua Keyak, v. Laboratory Corporation of America Holdings, et al.,* was filed in the Superior Court of New Jersey, Law Division, Camden County, Docket No. CAM-L-4088-25 on December 5, 2025. Attached hereto as Exhibit A is a true and accurate copy of the Complaint and all process, pleadings, and orders filed in the State Court action.

2. Service of the Summons and Complaint on LCAH and Esoterix was effectuated on December 11, 2025.

3. Service of the Summons and Complaint on Defendant Judith Knops was effectuated on December 13, 2025.

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a). By virtue of the provisions of 28 U.S.C. §1441(a), this entire case is one that may be removed to this Court.

5. Plaintiffs L.K., Eleanor Keyak and Joshua Keyak are citizens and residents of Fair Lawn, New Jersey.

6. Defendant Laboratory Corporation of America Holdings is a corporation formed under the laws of the State of Delaware with its principal place of business located at 358 South Main Street, Burlington, North Carolina, 27215.

7. Defendant Esoterix Genetic Laboratories, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 358 South Main Street, Burlington, North Carolina, 27215, and Esoterix's sole member is Defendant Laboratory Corporation of America Holdings.

8. Defendant Judith Knops, Ph.D. is a citizen and resident of New Mexico.

9. At the time of the filing of the Complaint and at the present time, Defendant LCAH was a corporation of the State of Delaware with its principal place of business in the State of North Carolina. Thus, LCAH is a citizen of both Delaware and North Carolina.

10. At the time of the filing of the Complaint and at the present time, Defendant Esoterix was a Limited Liability Company organized under the laws of the State of Delaware with its principal place of business in the State of North Carolina. Esoterix's sole member is LCAH, a citizen of both Delaware and North Carolina. Thus, Esoterix is a citizen of both Delaware and North Carolina.

11. At the time of the filing of the Complaint and at the present time, Defendant Knops was a citizen and resident of the State of New Mexico. Thus, Defendant Knops is a citizen of New Mexico.

12. In the Complaint, Plaintiffs named as fictitious parties Jane Roes, and John Doe Employers. Pursuant to 28 U.S.C. § 1441(b)(1) the citizenship of these fictitious parties is disregarded for purposes of this removal.

13. In the Complaint, Plaintiffs purport to assert claims for professional and medical negligence, wrongful life, and wrongful birth against LCAH, Esoterix and Knops, and other fictitious defendants Jane Roes and John Doe Employers. In the Complaint, the Plaintiffs allege that Defendants negligently "undertook the processing, analysis, interpretation, and reporting of Plaintiffs' prenatal genetic testing." (Compl., at Counts I, II, III ¶ 2).

ME1\59581360.v2

14. Plaintiffs have set forth in the Complaint, attached as <u>Exhibit A</u>, a description of the alleged damages and losses that Plaintiffs have sustained in this matter. In the Complaint, Plaintiffs allege that "Minor Plaintiff L.K. was born on December 22, 2023, with severe genetic abnormalities and congenital impairments." (Compl., at ¶ 3). Plaintiffs further allege that "[o]n or about November 16, 2024, Minor Plaintiff L.K. was found to have severe and permanent genetic abnormalities detectable by microarray analysis—requiring lifelong medical care, therapies, equipment, and support." (Compl. at ¶ 16). Plaintiffs claim that "[a]s a direct and proximate result of Defendants' negligence, Plaintiffs have incurred and will continue to incur emotional distress" and "Plaintiffs have incurred, and will continue to incur, extraordinary medical, educational, therapeutic, and custodial expenses for Minor Plaintiff L.K." (Compl. at ¶¶ 22, 23). Hence, based upon the Complaint, Plaintiffs seek a recovery in excess of $75,000, exclusive of interest and costs, and/or the value to Plaintiffs of the relief sought in the Complaint exceeds $75,000, exclusive of interest and costs, and accordingly the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Yucis v. Sears Outlet Stores, LLC*, 813 Fed. App'x 780, 782 n.2 (3d Cir. 2020).

15. This Court has jurisdiction over this matter because complete diversity exists among Plaintiffs and each Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332 and 1441. As such, this case may be properly removed. *Encompass Insurance Co. v. Stone Mansion Restaurant, Inc.*, 902 F.3d 147 (3d Cir. 2018).

16. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(2)(B), which provides that "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons" to file its notice of removal. LCAH and Esoterix were served with the Summons and Complaint on December 11, 2025, and Defendant Knops was served with

the Summons and Complaint on December 13, 2025, and this Notice of Removal is being filed less than 30 days after said service.

17. This Notice of Removal is based primarily on the allegations of the Complaint and Labcorp does not admit the truth of the facts asserted in the Complaint, the validity of Plaintiffs' claims, or the entitlement to any form of relief from Labcorp.

18. A civil cover sheet accompanies this Notice of Removal.

19. Copies of this Notice of Removal and the pleadings that have been filed in this action are attached hereto and are simultaneously being served upon counsel for all parties of record and the Superior Court of New Jersey, from which this action was removed.

20. Defendants Laboratory Corporation of America Holdings, Esoterix Genetic Laboratories, LLC, and Judith Knops, Ph.D. all consent to removal of this action.

WHEREFORE, Defendants Laboratory Corporation of America Holdings, Esoterix Genetic Laboratories, LLC. and Judith Knops, Ph.D. pray that this cause proceed in this Court as an action properly removed hereto.

Respectfully submitted,

**McCARTER & ENGLISH, LLP**

By: _s/ Christopher A. Rojao_
     Christopher A. Rojao

*Attorneys for Defendant Laboratory Corporation of America Holdings, Esoterix Genetic Laboratories LLC, and Judith Knops, Ph.D.*

Dated: January 9, 2026

ME1\59581360.v2

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2 of the United States District Court for the District of New Jersey, I hereby certify that this matter being removed from the Superior Court of New Jersey is not related to any matter pending in this or any other court.

                                        **McCARTER & ENGLISH, LLP**

By: *s/ Christopher A. Rojao*
       Christopher A. Rojao

*Attorneys for Defendant Laboratory Corporation of America Holdings, Esoterix Genetic Laboratories LLC, and Judith Knops, Ph.D.*

Dated: January 9, 2026

ME1\59581360.v2

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1(d)(2)

Pursuant to Local Civil Rule 201.1(d)(2) of the United States District Court for the District of New Jersey, I hereby certify that the damages alleged in this matter exceed $150,000, exclusive of interest, costs, and punitive damages, and is therefore excluded from compulsory arbitration.

**McCARTER & ENGLISH, LLP**

By: *s/ Christopher A. Rojao*
     Christopher A. Rojao

*Attorneys for Defendant Laboratory Corporation of America Holdings, Esoterix Genetic Laboratories LLC, and Judith Knops, Ph.D.*

Dated: January 9, 2026

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this date I caused a copy of the foregoing Notice of Removal, Certification Pursuant to Local Civil Rule 11.2, Certification Pursuant to Local Civil Rule 201.1(d)(2), and Civil Cover Sheet to be served upon the Clerk of the Superior Court of New Jersey, Camden County, via electronic filing, and upon all counsel of record via electronic court filing and email.

        **McCARTER & ENGLISH, LLP**


By: *s/ Christopher A. Rojao*
      Christopher A. Rojao


*Attorneys for Defendant Laboratory Corporation of America Holdings, Esoterix Genetic Laboratories LLC, and Judith Knops, Ph.D.*

Dated: January 9, 2026