# **<u>Exhibit A</u>**

**KOLSBY, GORDON, ROBIN & SHORE**
Sarah O. Schindler, Esquire
Attorney I.D. No. 017792012
Catherine A. Rothenberger, Esquire
Attorney I.D. No. 287762023
2000 Market Street
28th Floor                                    **ATTORNEY FOR PLAINTIFFS**
Philadelphia, PA 19103
(215) 851-9700

| | |
|---|---|
| L.K., a Minor, by her parents and guardians ad litem, ELEANOR KEYAK and JOSHUA KEYAK, and ELEANOR KEYAK and JOSHUA KEYAK (h/w) individually and in their own right | SUPERIOR COURT OF NEW JERSEY<br><br>LAW DIVISION<br>CAMDEN COUNTY |
| Plaintiffs | DOCKET NO.: CAM L - |
| v. | CIVIL ACTION COMPLAINT, JURY DEMAND, AFFIDAVIT OF MERIT, DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES |
| LABORATORY CORPORATION OF AMERICA HOLDINGS, ESOTERIX GENETIC LABORATORIES, LLC, JUDITH KNOPS, Ph.D.; JOHN DOES 1–15; JANE ROES 1–15; and JOHN DOE EMPLOYERS 1–15 | |
| Defendants | |

Plaintiffs, L.K., a Minor, by her parents and guardians ad litem, ELEANOR KEYAK and JOSHUA KEYAK, and ELEANOR KEYAK and JOSHUA KEYAK (h/w) individually and in their own right, residing in Fair Lawn, New Jersey, by way of Complaint against Defendants state:

1.     ELEANOR KEYAK and JOSHUA KEYAK are the parents and proposed guardians ad litem of minor Plaintiff L.K.

2.     Minor Plaintiff L.K. brings claims herein by and through her parents and natural guardians.

3.     Minor Plaintiff L.K. was born on December 22, 2023, with severe genetic abnormalities and congenital impairments, as further described below.

4.     Defendant Laboratory Corporation of America Holdings ("Labcorp") is a corporation registered and conducting business in the State of New Jersey, with several physical locations in Camden County.

5.      Defendant Esoterix Genetic Laboratories, LLC is a wholly-owned Labcorp subsidiary registered and conducting business in the State of New Jersey.

6.      Defendant Judith Knops, Ph.D. is a clinical geneticist and/or laboratory director who provides clinical interpretation services to New Jersey patients and participated in the laboratory testing at issue.

7.      Defendants John Does 1–15 (fictitious names) were healthcare professionals and/or laboratory personnel who participated in the testing, interpretation, or reporting of Plaintiffs' laboratory testing.

8.      Defendants Jane Roes 1–15 (fictitious names) were healthcare professionals and/or laboratory personnel who participated in the testing, interpretation, or reporting of Plaintiffs' laboratory testing.

9.      Defendants John Doe Employers 1–15 (fictitious names) were corporations, partnerships, business entities, or professional associations, however formed, who employed or were responsible for the acts of one or more individual Defendants.

10.     At all times material, each Defendant acted by and through its employees, agents, apparent agents, servants, and/or contractors, all within the scope of their employment or agency.

11.     Venue is proper in Camden County pursuant to R. 4:3-2 because one or more Defendants conduct business in this County, maintain facilities or operations within this County and throughout the State of New Jersey, and may be found and sued here.

12.     Plaintiff ELEANOR KEYAK underwent an amniocentesis procedure in New Jersey while pregnant with Minor Plaintiff L.K., on or about August 1, 2023.

13.     Plaintiffs' amniotic fluid specimen was provided to Defendants for chromosomal microarray analysis and related genetic testing.

14.     Defendants reported the microarray analysis was normal.

15.     Minor Plaintiff L.K. was born on December 22, 2023.

16.     On or about November 16, 2024, Minor Plaintiff L.K. was found to have severe and permanent genetic abnormalities detectable by microarray analysis—requiring lifelong medical care, therapies, equipment, and support.

17.     At all relevant times, Defendants undertook to perform, analyze, interpret, review, and/or report the results of this prenatal genetic testing.

18.     The fetus possessed a chromosomal abnormality that was present, detectable, and identifiable on the microarray testing by Defendants.

19.     Defendants failed to properly detect, interpret, identify, report, classify, or communicate the abnormal findings.

20.     Defendants failed to inform Plaintiffs of clinically significant findings from the microarray analysis.

21.     As a direct and proximate result of Defendants' negligence, Plaintiffs were deprived of the ability to make an informed reproductive decision, including the choice to terminate the pregnancy.

22.     As a direct and proximate result of Defendants' negligence, Plaintiffs have incurred and will continue to incur emotional distress.

23.     As a direct and proximate result of Defendants' negligence, Plaintiffs have incurred, and will continue to incur, extraordinary medical, educational, therapeutic, and custodial expenses for Minor Plaintiff L.K.

## COUNT I — NEGLIGENCE

1.     Plaintiffs repeat and reallege the preceding paragraphs.

2.     At all times material hereto, Defendant Laboratory Corporation of America Holdings ("Labcorp"), acting through its agents, servants, employees, laboratory personnel, directors, and/or ostensible agents, undertook the processing, analysis, interpretation, and reporting of Plaintiffs' prenatal genetic testing.

3.      Defendant owed Plaintiffs a duty to exercise the degree of care, knowledge, and skill ordinarily exercised by reasonably prudent laboratories, laboratory directors, clinical geneticists, and genetic testing personnel under similar circumstances.

4.      Defendant Labcorp was negligent in the performance, analysis, interpretation, and/or reporting of the prenatal genetic testing.

5.      Labcorp's negligence (a) caused; (b) increased the risk of; and/or (c) cost Plaintiffs a substantial possibility of avoiding the harm alleged.

6.      As a direct and proximate result, Plaintiffs and Minor Plaintiff suffered the damages described herein.

WHEREFORE, Plaintiffs demand judgment against Labcorp for damages together with interest, counsel fees, costs of suit, and such other relief deemed just.

## COUNT II — NEGLIGENCE

1.      Plaintiffs repeat and reallege the preceding paragraphs.

2.      At all times material hereto, Defendant Esoterix Genetic Laboratories, LLC ("Esoterix"), acting through its agents, servants, employees, laboratory personnel, directors, and/or ostensible agents, undertook the processing, analysis, interpretation, and reporting of Plaintiffs' prenatal genetic testing.

3.      Defendant owed Plaintiffs a duty to exercise the degree of care, knowledge, and skill ordinarily exercised by reasonably prudent laboratories, laboratory directors, clinical geneticists, and genetic testing professionals under similar circumstances.

4.      Defendant Esoterix was negligent in the performance, analysis, interpretation, and/or reporting of the prenatal genetic testing.

5.      Esoterix's negligence (a) caused; (b) increased the risk of; and/or (c) cost Plaintiffs a substantial possibility of avoiding the harm alleged.

6.      As a direct and proximate result, Plaintiffs and Minor Plaintiff suffered the damages described herein.

WHEREFORE, Plaintiffs demand judgment against Defendant Esoterix for damages together with interest, counsel fees, costs of suit, and such other relief deemed just.

## COUNT III — NEGLIGENCE

1.      Plaintiffs repeat and reallege the preceding paragraphs.

2.      At all times material hereto, Defendant Judith Knops, Ph.D., acting individually and/or by and through their agents, servants, employees, laboratory personnel, directors, and/or ostensible agents, undertook the processing, analysis, interpretation, and reporting of Plaintiffs' prenatal genetic testing.

3.      Defendant owed Plaintiffs a duty to exercise the degree of care, knowledge, and skill ordinarily exercised by reasonably prudent laboratories, laboratory directors, clinical geneticists, and genetic testing professionals under similar circumstances.

4.      Defendant Judith Knops, Ph.D., was negligent in the performance, analysis, interpretation, and/or reporting of the prenatal genetic testing.

5.      Defendant Judith Knops, Ph.D.'s negligence (a) caused; (b) increased the risk of; and/or (c) cost Plaintiffs a substantial possibility of avoiding the harm alleged.

6.      As a direct and proximate result, Plaintiffs and Minor Plaintiff suffered the damages described herein.

WHEREFORE, Plaintiffs demand judgment against Defendant Judith Knops, Ph.D. for damages together with interest, counsel fees, costs of suit, and such other relief deemed just.

## COUNT IV — NEGLIGENCE

1.      Plaintiffs repeat and reallege the preceding paragraphs.

2.      Defendants John Does and Jane Roes, whose identities are presently unknown, participated in the testing, analysis, interpretation, or reporting of Plaintiffs' genetic testing.

3.      Defendants owed Plaintiffs a duty to exercise the degree of care, knowledge, and skill ordinarily exercised by reasonably prudent laboratories, laboratory directors, clinical geneticists, and genetic testing professionals under similar circumstances.

4.      Said Defendants were negligent in the performance, analysis, interpretation, and/or reporting of the prenatal genetic testing.

5.      Said Defendants' negligence (a) caused; (b) increased the risk of; and/or (c) cost Plaintiffs a substantial possibility of avoiding the harm alleged.

6.      As a direct and proximate result, Plaintiffs and Minor Plaintiff suffered the damages described herein.

WHEREFORE, Plaintiffs demand judgment against these fictitious Defendants for damages together with interest, counsel fees, costs of suit, and such other relief deemed just.

## COUNT V — NEGLIGENCE / RESPONDEAT SUPERIOR

1.      Plaintiffs repeat and reallege the preceding paragraphs.

2.      Defendants John Doe Employers employed and/or controlled one or more individual Defendants and are liable under the doctrines of respondeat superior or ostensible agency.

3.      Defendants owed Plaintiffs a duty to exercise the degree of care, knowledge, and skill ordinarily exercised by reasonably prudent laboratories, laboratory directors, clinical geneticists, and genetic testing professionals under similar circumstances.

4.      Defendants are liable for the acts and/or omissions of their agent, servants, and/or employees under the doctrine of respondeat superior and were themselves otherwise negligent.

5.      Defendants' negligence (a) caused; (b) increased the risk of; and/or (c) cost Plaintiffs a substantial possibility of avoiding the harm alleged.

6.      As a direct and proximate result, Plaintiffs and Minor Plaintiff suffered the damages described herein.

WHEREFORE, Plaintiffs demand judgment against these fictitious Defendants for damages together with interest, counsel fees, costs of suit, and such other relief deemed just.

## COUNT VI — WRONGFUL BIRTH

1.      Plaintiffs repeat and reallege the preceding paragraphs.

2.      Defendants' negligent genetic testing, interpretation, and reporting deprived Plaintiffs of the ability to make an informed choice whether to continue or terminate the pregnancy.

3.      As a direct result, Plaintiffs suffered a loss of reproductive choice, emotional distress, and economic damages including extraordinary medical, educational, therapeutic, and custodial expenses for care of the child.

WHEREFORE, Plaintiffs demand judgment against these fictitious Defendants for damages together with interest, counsel fees, costs of suit, and such other relief deemed just, including wrongful birth damages.

## COUNT VII — WRONGFUL LIFE

1.      Plaintiffs repeat and reallege the preceding paragraphs.

2.      As a direct result of Defendants' negligent genetic testing, interpretation, and reporting, Minor Plaintiff was born with severe and permanent impairments.

3.       As a direct result of Defendants' negligence, Minor Plaintiff has been and will continue to been deprived of the ability to engage in a normal life, and has required and will continue require extraordinary expenses associated with her condition.

WHEREFORE, Plaintiffs demand judgment against these fictitious Defendants for damages together with interest, counsel fees, costs of suit, and such other relief deemed just, including wrongful life damages.

**KOLSBY, GORDON, ROBIN, & SHORE**


*/s/ Sarah O. Schindler*
SARAH O. SCHINDLER
CATHERINE A. ROTHENBERGER
Attorneys for Plaintiff

## JURY DEMAND

PLEASE TAKE NOTICE that Plaintiff(s) demand trial by jury as to all issues aforementioned.

**KOLSBY, GORDON, ROBIN, & SHORE**

*/s/ Sarah O. Schindler*
SARAH O. SCHINDLER
CATHERINE A. ROTHENBERGER
Attorneys for Plaintiff

## CERTIFICATION

In accordance with R.4:5-1, the undersigned hereby certifies that there are no other proceedings either pending or contemplated with respect to the matter in controversy and there are no additional known parties who should be joined to this action at this time.

**KOLSBY, GORDON, ROBIN, & SHORE**

*/s/ Sarah O. Schindler*
SARAH O. SCHINDLER
CATHERINE A. ROTHENBERGER
Attorneys for Plaintiff

## GUARDIAN CERTIFICATION

Counsel certifies that ELEANOR KEYAK and JOSHUA KEYAK are the parents of minor Plaintiff L.K., have no interests adverse to the child, and consent to serve as Guardians ad Litem and request appointment as such.

**KOLSBY, GORDON, ROBIN, & SHORE**

*/s/ Sarah O. Schindler*
SARAH O. SCHINDLER
CATHERINE A. ROTHENBERGER
Attorneys for Plaintiff

## DEMAND FOR DISCLOSURE OF NON-PARTIES

Please take notice that Plaintiff(s) hereby demands strict compliance with R..3:5-2(b)(2), which requires that "each party shall disclose in the certification the names of any non-party who should be joined in the action pursuant to R.4:28 or who is subject to joinder pursuant to R.4:29-1(b) because of potential liability to any party on the basis of the same transactional facts."

Plaintiff hereby demands that defendants review all available records, undertake reasonable investigation, and determine the identity of any other individuals or entities who should be joined in this action pursuant to R.4:5-1(b)(2).

The failure to identify non-parties pursuant to this rule will result in an application for sanctions as well as for expenses incurred in connection with the discovery of individuals who should have been identified pursuant to the rule.

**KOLSBY, GORDON, ROBIN, & SHORE**

*/s/ Sarah O. Schindler*
SARAH O. SCHINDLER
CATHERINE A. ROTHENBERGER
Attorneys for Plaintiff

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that Sarah O. Schindler, Esquire and Catherine A. Rothenberger, Esquire are hereby designated trial counsel on behalf of Plaintiff(s) in the above entitled action pursuant to R.4:5-1(c).

**KOLSBY, GORDON, ROBIN, & SHORE**

*/s/ Sarah O. Schindler*
SARAH O. SCHINDLER
CATHERINE A. ROTHENBERGER
Attorneys for Plaintiff

**KOLSBY, GORDON, ROBIN & SHORE**
**Sarah O. Schindler, Esquire**
**Attorney I.D. No. 017792012**
**Catherine A. Rothenberger, Esquire**
**Attorney I.D. No. 287762023**
**2000 Market Street**
**28th Floor**                          **ATTORNEY FOR PLAINTIFFS**
**Philadelphia, PA  19103**
**(215) 851-9700**

| | |
|---|---|
| L.K., a Minor, by her parents and guardians ad litem, ELEANOR KEYAK and JOSHUA KEYAK, and ELEANOR KEYAK and JOSHUA KEYAK (h/w) individually and in their own right | SUPERIOR COURT OF NEW JERSEY<br><br>LAW DIVISION<br>CAMDEN COUNTY |
| Plaintiffs | DOCKET NO.:  CAM L - |
| v. | CIVIL ACTION COMPLAINT, JURY DEMAND, AFFIDAVIT OF MERIT, DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES |
| LABORATORY CORPORATION OF AMERICA HOLDINGS, ESOTERIX GENETIC LABORATORIES, LLC, JUDITH KNOPS, Ph.D.; JOHN DOES 1–15; JANE ROES 1–15; and JOHN DOE EMPLOYERS 1–15 | |
| Defendants | |

State of :

County of        :

## **AFFIDAVIT OF MERIT**

Attached hereto is the Affidavit of Merit as to All Defendants.  If any Defendant has any objection to the sufficiency of the Affidavit of Merit, demand is hereby made that Plaintiffs be made immediately notified of any such deficiencies so that same may be corrected if necessary and within the time constraint of N.J.S.A. 2A:53A.

**KOLSBY, GORDON, ROBIN, & SHORE**


_/s/ Sarah O. Schindler_
SARAH O. SCHINDLER
CATHERINE A. ROTHENBERGER
Attorneys for Plaintiff

**KOLSBY, GORDON, ROBIN & SHORE**
**Sarah O. Schindler, Esquire**
**Attorney I.D. No. 017792012**
**Catherine A. Rothenberger, Esquire**
**Attorney I.D. No. 287762023**
**2000 Market Street**
**28th Floor**                                    **ATTORNEY FOR PLAINTIFFS**
**Philadelphia, PA  19103**
**(215) 851-9700**

| | |
|---|---|
| L.K., a Minor, by her parents and guardians ad litem, ELEANOR KEYAK and JOSHUA KEYAK,  and ELEANOR KEYAK and JOSHUA KEYAK (h/w) individually and in their own right | SUPERIOR COURT OF NEW JERSEY<br><br>LAW DIVISION<br>CAMDEN COUNTY |
| Plaintiffs | DOCKET NO.:  CAM L - |
| v. | CIVIL ACTION COMPLAINT, JURY DEMAND, AFFIDAVIT OF MERIT, DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES |
| LABORATORY CORPORATION OF AMERICA HOLDINGS, ESOTERIX GENETIC LABORATORIES, LLC, JUDITH KNOPS, Ph.D.; JOHN DOES 1–15; JANE ROES 1–15; and JOHN DOE EMPLOYERS 1–15 | |
| Defendants | |

State of          :

County of        :

### AFFIDAVIT OF MERIT

I, J. Dianne Keen-Kim, PhD, FACMG, HCLD, being duly sworn, hereby state:

1.     I am board certified in Clinical Cytogenetics and Genomics, and I have been practicing in the field of clinical genetics and genomics for more than 18 years.

2.     I have reviewed the medical records of Eleanor Keyak and the Minor Plaintiff, L.K., as documented by their medical providers, and it is my opinion, based upon a review of those records and other circumstances as I understand them to be, that there exists a reasonable probability that the care, skill, or knowledge exercised in the treatment, practice, or work performed by Judith F. Knops, PhD, Laboratory Corporation of America Holdings d/b/a Labcorp, Esoterix Genetic Laboratories, LLC, and Integrated Genetics, fell outside acceptable professional standards.

3.      I have no financial interest in the outcome of the case under review.

4.      I have carefully read the above and swear it to be true to the best of knowledge, and understand any misstatements made by me subject me to punishment.


_____
J. Dianne Keen-Kim, PhD, FACMG, HCLD


Sworn to and Subscribed

Before me this  5th  day

Of  November , 2025.


Notary Public



**KOLSBY, GORDON, ROBIN & SHORE**
Sarah O. Schindler, Esquire
Attorney I.D. No. 017792012
Catherine A. Rothenberger, Esquire
Attorney I.D. No. 287762023
2000 Market Street
28th Floor
Philadelphia, PA  19103
(215) 851-9700

**ATTORNEY FOR PLAINTIFFS**

| | |
|---|---|
| L.K., a Minor, by her parents and guardians ad litem, ELEANOR KEYAK and JOSHUA KEYAK,  and ELEANOR KEYAK and JOSHUA KEYAK (h/w) individually and in their own right<br><br>  Plaintiffs<br><br>    v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS, ESOTERIX GENETIC LABORATORIES, LLC, JUDITH KNOPS, Ph.D.; JOHN DOES 1–15; JANE ROES 1–15; and JOHN DOE EMPLOYERS 1–15<br><br>  Defendants | SUPERIOR COURT OF NEW JERSEY<br><br>LAW DIVISION<br>CAMDEN COUNTY<br><br>DOCKET NO.:  CAM L -<br><br>CIVIL ACTION COMPLAINT, JURY DEMAND, AFFIDAVIT OF MERIT, DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES |

State of       :

County of       :

### AFFIDAVIT OF MERIT

I, J. Dianne Keen-Kim, PhD, FACMG, HCLD, being duly sworn, hereby state:

1.   I am board certified in Clinical Cytogenetics and Genomics, and I have been practicing in the field of clinical genetics and genomics for more than 18 years.

2.   I have reviewed the medical records of Eleanor Keyak and the Minor Plaintiff, L.K., as documented by their medical providers, and it is my opinion, based upon a review of those records and other circumstances as I understand them to be, that there exists a reasonable probability that the care, skill, or knowledge exercised in the treatment, practice, or work performed by Judith F. Knops, PhD, Laboratory Corporation of America Holdings d/b/a Labcorp, Esoterix Genetic Laboratories, LLC, and Integrated Genetics, fell outside acceptable professional standards.

3.    I have no financial interest in the outcome of the case under review.

4.    I have carefully read the above and swear it to be true to the best of knowledge, and understand any misstatements made by me subject me to punishment.

J. Dianne Keen-Kim, PhD, FACMG, HCLD

Sworn to and Subscribed

Before me this _5th_ day

Of _November_, 2025.

Notary Public

# Civil Case Information Statement

**Case Details: CAMDEN | Civil Part Docket# L-004088-25**

**Case Caption:** K L  VS ESOTERIX GENETIC LAB ORATORIES

**Case Initiation Date:** 12/05/2025

**Attorney Name:** SARAH OLIVIA SCHINDLER

**Firm Name:** KOLSBY GORDON ROBIN & SHORE

**Address:** 2000 MARKET STREET SUITE 2800 PHILADELPHIA PA 19103

**Phone:** 2158519700

**Name of Party:** PLAINTIFF : L ,a mino K

**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** PROFESSIONAL MALPRACTICE

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  YES

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: L ,a mino K?** NO

**Are sexual abuse claims alleged by: Eleanor Keyak?** NO

**Are sexual abuse claims alleged by: Joshua Keyak?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?**  **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/05/2025                                                    /s/ SARAH OLIVIA SCHINDLER
Dated                                                        Signed

CAMDEN COUNTY SUPERIOR COURT
101 S FIFTH STREET
SUITE 150
CAMDEN          NJ 08103

                              TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (856) 650-9100
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   DECEMBER 05, 2025
                    RE:     K L  VS ESOTERIX GENETIC LAB ORATORIES
                    DOCKET: CAM L -004088 25

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON FRANK C. TESTA

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      301
AT:  (856) 650-9100 EXT 44162.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: SARAH O. SCHINDLER
                              KOLSBY GORDON ROBIN & SHORE
                              2000 MARKET STREET
                              SUITE 2800
                              PHILADELPHIA      PA 19103


ECOURTS

Sarah O. Schindler, Esquire (Atty ID#: 314912)
2000 Market Street, 28th Floor
Philadelphia, PA 19103
(215) 851-9700

**Superior Court of New Jersey**
**In the Law Division**
**Camden County**

**L.K., a Minor by her parents and guardians ad litem,**
**Eleanor Keyak and Joshua Keyak**

v.

**Laboratory Corporatoin of America Holdings, et al**

_____ /

**Case No.:CAM-L-004088-25**

### AFFIDAVIT OF CORPORATE SERVICE

I, **Dennis Richman,** being duly sworn according to the law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

| | |
|---|---|
| PARTY SERVED: | **Esoterix Genetic Laboratories, LLC** |
| DOCUMENTS SERVED: | **Summons & Complaint** |
| BY SERVING UPON: | **Joseph Cicoria, Process Specialist** |
| DATE & TIME OF SERVICE: | **12/11/2025  8:35 AM** |

PHYSICAL DESCRIPTION:    **Age: 35        Weight: 170            Hair: Black**
**Sex: Male      Height: 6'1            Race: Caucasian**

SERVED ADDRESS:    **100 Charles Ewing Blvd Ste 160**
**Ewing, NJ 08628-3456**

I hereby affirm that the information contained in the Affidavit of Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.

GPS: 40.2878111111111;-74.7911527777778



Subscribed and sworn before me, a Notary
Public, this 11th day of December, 2025

_Melissa Petrowski_

_____
Melissa Petrowski, Notary Public
Bucks County
My Commission expires on: 8/29/2027

Dennis Richman
Dennis Richman's Services for the Professional, Inc
4 Neshaminy Interplex Drive, Suite 108,
Trevose, PA 19053
(215) 977-9393

Order #:P231980

Sarah O. Schindler, Esquire (Atty ID#: 314912)
2000 Market Street, 28th Floor
Philadelphia, PA 19103
(215) 851-9700

## Superior Court of New Jersey
## In the Law Division
## Camden County

L.K., a Minor by her parents and guardians ad litem,
Eleanor Keyak and Joshua Keyak

v.

Case No.:CAM-L-004088-25

Laboratory Corporatoin of America Holdings, et al

_____ /

### AFFIDAVIT OF CORPORATE SERVICE

I, **Dennis Richman,** being duly sworn according to the law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

| | |
|---|---|
| PARTY SERVED: | **Laboratory Corporation of America Holdings** |
| DOCUMENTS SERVED: | **Summons & Complaint** |
| BY SERVING UPON: | **Joseph Cicoria, Process Specialist** |
| DATE & TIME OF SERVICE: | **12/11/2025  8:35 AM** |

PHYSICAL DESCRIPTION:  **Age: 35**      **Weight: 170**        **Hair: Black**
                                    **Sex: Male**      **Height: 6'1**         **Race: Caucasian**

SERVED ADDRESS:    **100 Charles Ewing Blvd Ste 160**
                                 **Ewing, NJ 08628-3456**

I hereby affirm that the information contained in the Affidavit of Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.

GPS: 40.2878111111111;-74.7911527777778



Subscribed and sworn before me, a Notary
Public, this 11th day of December, 2025

*Melissa Petrowski*
_____
Melissa Petrowski, Notary Public
Bucks County
My Commission expires on: 8/29/2027

Dennis Richman
Dennis Richman's Services for the Professional, Inc
4 Neshaminy Interplex Drive, Suite 108,
Trevose, PA 19053
(215) 977-9393



Order #:P231981

Sarah O. Schindler, Esquire
2000 Market Street, 28th Floor
Philadelphia PA 19103
(215) 851-9700

## Superior Court of New Jersey
## In the Law Division
## Camden County

L.K., a Minor by her parents and guardians ad litem,
Eleanor Keyak and Joshua Keyak

vs.

Laboratory Corporatoin of America Holdings, et al

Case No.:CAM-L-004088-25

**RETURN OF SERVICE**

STATE OF NM
COUNTY OF SANTA FE   ss

I, _____Jeff Bowers_____, being duly sworn according to law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

Servee: Judith F. Knops, Ph.D.

Date: _12/13/25_   Time: _9:30_ AM/PM
Address: _80 Herrada Rd. SantaFe, NM 81508_
Document Type: Summons & Complaint

---

[X] Personally served.
[ ] Adult family member with whom said Respondent resides.
   Name: _____   Relationship: _____
[ ] Adult in charge of Respondent's residence who refused to give bame and/or relationship.
[ ] Manager/Clerk of place of lodging in which Respondent resides.
   Name: _____   Title: _____
[ ] Agent or person in charge of Respondent's office or usual place of business.
   Name: _____   Title: _____
[ ] Other: _____

Description of person process was left with:
Sex: _F_   Skin: _White_   Hair: _red_   Age: _70_   Height: _5'3_   Weight: _150_

**Non-Service:** After due search, careful inquiry and diligent attempts at the address listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s)

[ ] Unknown at Address   [ ] Moved, Left no Forwarding Add.   [ ] Vacant   [ ] No Answer - Several Attempts
[ ] Address Does Not Exist   [ ] Other _____

Service Attempts: (1) _____   (2) _____   (3) _____
                      Date   Time        Date   Time        Date   Time
Comments: _____

---

Signed and sworn before me
this _16th_ day of _December_, 20_25_

Notary Public

STATE OF NEW MEXICO
NOTARY PUBLIC
CELESTE L SANDOVAL
COMMISSION # 1140369
COMMISSION EXPIRES 05/19/2027

(Signature)

On Behalf of:
Dennis Richman Services for the Professional, Inc
Neshaminy Interplex Drive, Suite 108,
Trevose, PA 19053
159779393

SAAFF/P231982